IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN LUCAS, | ) | CASE NO. 5:11CV559 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| TERRY A. TIBBALS, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Justin Lee Lucas ("Petitioner" or "Lucas"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 17, 2011.  Doc. 1.  Lucas challenges the constitutionality of his conviction and sentence in *State v. Lucas*, Case No. 2006CR1136B (Stark Cty. 2006).  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  For the following reasons, Lucas' petition for writ of habeas corpus should be DENIED.

## I.  Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Ohio Fifth District Court of Appeals summarized the facts underlying Lucas' conviction as follows:

> {¶2}  On July 10, 2006, Tona Delong left work and picked up [Lucas] at his place of employment. Together they drove and picked up Jacob Rollins. Delong was involved sexually with [Lucas], Rollins and Jason Halter. The three drove around the neighborhood of Jason Halter a few times, and Delong text messaged Halter to invite him to meet her. [Lucas] and Rollins used Delong's invitation to intercept Halter in order to rob him.

1

{¶3}  [Lucas] brandished a firearm he obtained from Rollins, and waited for Halter in an alley where a vehicle was parked [that Lucas] believed Halter would use. [Lucas] subsequently shot Halter. An autopsy later revealed Halter was shot three times, and the gun was held 18-24 inches from Halter.

Doc. 8, Exhibit 20, p. 2.

## II.  Procedural Background

### A.  State Conviction

On August 23, 2006, the Stark County Grand Jury indicted Lucas for aggravated murder in violation of Ohio Rev. Code § 2903.01(B) and aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) and/or (A)(3).  Doc. 8, Exhibit 1.  Firearm specifications were attached to both counts and the aggravated murder charge included a death penalty specification, stating that Lucas was the principal offender.  Doc. 8, Exhibit 1.  The charges stemmed from the shooting death of Jason Halter on July 10, 2006.  Doc. 8, Ex. 20 at 2.  Lucas entered a plea of not guilty.  Doc. 8, Exhibit 2.

On October 20, 2006, Lucas moved to suppress statements he made to police and evidence seized, including the murder weapon.  Doc. 8, Exhibit 3.  The State filed a brief in response.  Doc. 8, Exhibit 4.  On December 12, 2006, the trial court denied the motion to suppress.  Doc. 8, Exhibits 5 and 6.  Additional pretrial motions, including a motion in limine and a motion to dismiss the capital component of the case, were also denied by the trial court.  Doc. 8, Exhibits 7–12.

On September 7, 2007, the case proceeded to trial.  At the conclusion of the trial, the jury returned a verdict of guilty on each of the charges in the indictment.  Doc. 8, Exhibit 13.  After the mitigation phase of the trial, the jury recommended a sentence of life without parole eligibility for thirty years.  Doc. 8, Ex. 14.  On September 21, 2007, the trial court sentenced Lucas to life in prison without eligibility for parole for thirty (30) years on the aggravated murder

2

conviction, as well as five years on the aggravated robbery conviction and an additional three years on the firearm specification, all to run consecutive to each other, for an aggregate sentence of thirty-eight years to life.  Doc. 8, Exhibit 14.

**B.     Direct Appeal**

On October 12, 2007, Lucas, through counsel, timely appealed to the Fifth District Court of Appeals, Stark County, Ohio.  Doc. 8, Exhibit 15.  In his brief, Lucas asserted the following three assignments of error:

1. The trial court's finding of guilty is against the manifest weight and sufficiency of the evidence.

2. The appellant was denied his right to due process and assistance of counsel because his trial counsel provided ineffective assistance.

3. The appellant was deprived of due process of law by the misconduct of the prosecution.

Doc. 8, Exhibit 16.  The State filed a brief in response.  Doc. 8, Exhibit 17.  On September 22, 2008, Lucas submitted a supplemental brief, raising the following additional assignment of error:

1. The appellant was deprived of due process of law by the structural defect contained in the indictment wherein an essential element of the offense was omitted and that defect was not curred [sic] by notification of the element of recklessness to the charge of robbery from either the prosecution or the court.

Doc. 8, Exhibit 18.  The State filed a supplemental brief in response to Lucas' supplemental brief.  Doc. 8, Exhibit 19.  On January 5, 2009, the court of appeals overruled all four assignments of error and affirmed the judgment of the trial court.  Doc. 8, Exhibit 20.

On February 19, 2009, Lucas, through counsel, timely appealed to the Supreme Court of Ohio.  Doc. 8, Exhibit 21.  In his memorandum in support of jurisdiction, Lucas asserted the following sole proposition of law:

1. Recklessness is the imputed mens rea for aggravated robbery, under R.C. 2911.01(A)(1) and R.C. 2901.21(B), because aggravated robbery with a deadly

> weapon requires an affirmative act in addition to possession, and an indictment that fails to specify-recklessness as the culpable mental state for aggravated robbery with a deadly weapon is defective. Fifth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution.

Doc. 8, Exhibit 22.  The State filed a memorandum in response.  Doc. 8, Exhibit 23.  The Ohio Supreme Court accepted Lucas' discretionary appeal but stayed the briefing schedule until its decision in *State v. Lester*.  Doc. 8, Exhibit 27.  On December 17, 2009, the Supreme Court of Ohio affirmed the judgment of the court of appeals on the authority of *State v. Lester*, 123 Ohio St.3d 396, 916 N.E.2d 1038 (Ohio 2009).  Doc. 8, Exhibit 24.

## C.  Federal Habeas Corpus

On March 17, 2011, Lucas, through counsel, filed a petition for writ of habeas corpus. Doc. 1.  In his petition, Lucas asserts the following four grounds for relief:

> **GROUND ONE:** Petitioner's right to Due Process of Law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, has been violated, as the indictment charging him was defective, because it failed to specify the imputed mens rea of Aggravated Robbery with a deadly weapon.
>
> **GROUND TWO:** Petitioner's right to effective assistance of trial counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, has been violated, as Petitioner's trial counsel admitted to the jury, during his opening statement, that Petitioner had engaged in the criminal activity with which he was charged.
>
> **GROUND THREE:** Petitioner's right to Due Process of Law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, has been violated by the misconduct of the prosecution.
>
> **GROUND FOUR:** Petitioner's right to Due Process of Law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, has been violated, as his convictions are not supported by sufficient evidence, and are against the manifest weight of the evidence.

Doc. 1.  On July 7, 2011, Respondent filed an Answer/Return of Writ.  Doc. 8.  On September 8, 2011, Lucas filed his Traverse.  Doc. 11.

### III.  Lucas' First Ground for Relief is Not Cognizable on Federal Habeas Review

Respondent contends that Lucas' first ground for relief – that his indictment was defective for omitting the mental state for aggravated robbery – is not cognizable on federal habeas review.  Doc. 8, pp. 7-10.  In response, Lucas argues that this claim is cognizable in federal habeas corpus.  Doc. 11, pp. 8-9.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  A federal court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition."  *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted).  Claims of state law error are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution."  *Cristini v. McKee*, 526 F.3d 388, 897 (6th Cir. 2008).

In his first ground for relief, Lucas argues his due process rights were violated because the indictment failed to specify the imputed mens rea for aggravated robbery with a deadly weapon.  Doc. 1, p. 16.  It is well settled that the federal guarantee of a grand jury indictment has not been applied to the states.  *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972).  The Constitution does not require any particular state indictment rule; in fact, it does not

require an indictment at all if sufficient notice of the charges is given in some other manner. *Combs v. Tennessee*, 530 F.2d 695 (6th Cir.) *cert. denied*, 425 U.S. 954, 48 L. Ed. 2d 198, 96 S. Ct. 1731 (1976); *Koontz v. Glossa*, 731 F.2d 365 (6th Cir. 1984).

The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense. *See, e.g., In re Ruffalo*, 390 U.S. 544, 20 L. Ed. 2d 117, 88 S. Ct. 1222 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977); *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir. 1977). This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. *Combs, 530 F.2d at 698*. Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial. *Id.* "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) (quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)). "An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira, 806 F.2s at 639*.

In *Mira,* the petitioner alleged that he was denied due process of law because the indictment did not allege all of the elements of the offense of aggravated robbery. He specifically claimed that the indictment was insufficient since it did not include the mental state for aggravated robbery. *Id.* The Sixth Circuit found that the petitioner's claim failed to raise a cognizable constitutional claim. *Id.* The court also concluded that the indictment had sufficient information to provide the petitioner with adequate notice and the opportunity to defend and protect himself against future prosecution for the same offense.

Lucas, like the petitioner in *Mira*, argues that his indictment was defective because it did not include the mental state for aggravated robbery.  This argument is without merit.  As in *Mira*, the indictment had sufficient information to provide Lucas with adequate notice of the charges he faced - aggravated murder and aggravated robbery.  Indeed, it advised Lucas of the precise nature of the charges, the time and place when the offenses were alleged to have been committed, the identity of the victim, and the name of his co-defendant.  The indictment also provided Lucas with the opportunity to defend against the charges and to protect himself against future prosecution for the same offenses.  Any other deficiencies in the indictment alleged by Lucas are solely matters of state law and, accordingly, are not cognizable in a federal habeas proceeding.  *Mira,* 806 F.2s at 639; *Combs*, 530 F.2d at 699.  Therefore, Lucas' first ground for relief should be dismissed as non-cognizable.

### IV.  Procedural Barriers to Review

Respondent asserts that Lucas has waived federal habeas review of the remaining three grounds for relief because he did not fairly present these claims on direct appeal to the Ohio Supreme Court.   Respondent further argues that these claims are procedurally defaulted because Lucas would not be able to return to state court and present these claims because they would be barred by res judicata.  Doc. 8, pp. 10-14.  Lucas contends that his failure to fairly present these claims, as well as his subsequent procedural default, should be excused because of ineffective assistance of counsel on his appeal to the Ohio Supreme Court.  Doc. 1, pp. 8-11.  Lucas also argues that the Court should overlook his procedural default because the failure to consider his claims will result in a fundamental miscarriage of justice since he is actually innocent of the crimes for which he was convicted.  Doc. 1, pp. 8-1; Doc. 11, pp. 12-13.

A petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381, 121 S.Ct. 1578 (2001).[1]

A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b) and (c); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). To be exhausted, a petitioner must "fully and fairly" present his claim to the highest state court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). The fair presentation requirement is satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

In situations in which a petitioner has failed to fairly present federal claims to the state courts and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted. *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002). While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722,

---

[1]  The AEDPA statute of limitations for filing a petition for a writ of habeas corpus is one year and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1).  The statute of limitations is not at issue in this case.

732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).

In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit established a four-part test to determine whether a claim is procedurally defaulted.  This test requires federal habeas courts to determine: (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state court actually enforced the state procedural rule, (3) whether the state procedural rule was an "independent and adequate" state ground on which the state could rely to foreclose review of a federal constitutional claim, and (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."  *Id*. at 138-39.

In his second ground for relief, Lucas asserts that his trial counsel was ineffective because, in his opening statement, he admitted that Lucas had shot Jason Halter but did not mean to kill him.  Counsel argued that Lucas may have been guilty of a lesser crime but was not guilty of capital murder.  Doc. 1, pp. 18-19.  In his third ground for relief, Lucas claims that his due process rights were violated by misconduct of the prosecutor.  Lucas states that, during closing arguments, the prosecutor called Lucas a "liar, in one form or another, many times."  Doc. 1, pp. 20-21.  And, in his fourth ground for relief, Lucas claims that his convictions are not supported by sufficient evidence and are against the manifest weight of evidence.  Doc. 1, p. 20.  It is undisputed that Lucas did not raise any of these claims in his appeal to the Ohio Supreme Court. Thus, Lucas has failed to exhaust his state remedies with regard to these claims because he did not fairly present these claims to the highest court in Ohio.  *O'Sullivan*, 526 U.S. at 845, 848; *Hafley*, 902 F.2d at 483.  If a petitioner fails to exhaust a claim in state court and the claim would now be barred from consideration by the state courts for procedural reasons, the claim is also

9

procedurally defaulted on federal habeas review.  *Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S. Ct. 2074 (1996).  Because his direct appeal has concluded, Lucas would be barred by *res judicata* from raising this claim in another state proceeding.  *State v. Perry*, 10 Ohio St.2d 175, 175- 76, 226 N.E.2d 104, syllabus (Ohio 1967).  The Sixth Circuit has consistently held that *res judicata* is an adequate and independent ground justifying procedural default.  *See, e.g., Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (finding that "Ohio's doctrine of *res judicata* as a procedural bar is regularly applied by the Ohio courts").  Thus, the first three factors of the *Maupin* test are met and Lucas' second, third, and fourth grounds for relief are procedurally defaulted unless he can show cause for the default and actual prejudice.

In his petition, Lucas attributes the decision to forego grounds two through four in his appeal to the Ohio Supreme Court as a choice made by his appellate counsel that was outside his control.  Doc. 1, pp. 8-11.  Lucas is essentially arguing ineffective assistance of appellate counsel as cause for his procedural default.  In general, ineffective assistance of appellate counsel may constitute cause for a procedural default occurring in an appeal as of right to the state court of appeals.  *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). However, attorney error amounting to ineffective assistance cannot constitute cause "where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel, including a discretionary appeal." *Tanner v. Jeffreys*, 516 F. Supp.2d 909, 916 (N.D. Ohio 2007) (quoting *Barkley v. Konteh*, 240 F. Supp.2d 708, 714 (N.D. Ohio 2002)); *Coleman v. Thompson,* 501 U.S. 722, 751–53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  The constitutional right to appointed counsel extends to the first appeal of right and no further.  *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)

(stating "Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals . . . . Ineffective assistance on a discretionary appeal or in a post-conviction proceeding, both of which are proceedings in which there is no constitutional right to counsel, cannot constitute cause for a procedural default." (citations omitted)); *Ross v. Moffitt,* 417 U.S. 600, 609–10, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *State v. Mapson,* 41 Ohio App.3d 390, 391, 535 N.E.2d 729 (Ohio App. 8th Dist. 1987)).  Lucas had no constitutional or state right to counsel on his discretionary appeal to the Supreme Court of Ohio.  Thus, any deficiencies in his counsel's representation in his appeal to the Ohio Supreme Court cannot serve a cause for his procedural default because Lucas was not entitled to counsel for that appeal.

Finally, Lucas argues that his procedural default should be overlooked because he is actually innocent.  Doc. 9, p. 3.  In order to overcome a procedural bar to habeas review based on a claim of actual innocence, the petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" based on "*new reliable evidence . . . that was not presented at trial.*"  *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L. Ed. 2d 909 (1995) (emphasis added).  A claim of actual innocence "is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).  The exception is "rare" and is to be applied only in the "extraordinary case" where the "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine the confidence in the result of the trial."  *Schlup*, 513 U.S. at 317, 321.  A petitioner must prove that new reliable evidence establishes his or her innocence by a more-likely-than-not standard.  *Souter v. Jones*, 395 F. 3d 577, 602 (6th Cir. 2005).

In this case, Lucas has not proffered any new evidence to show that he is actually innocent of the charges for which he was convicted.  For a claim of actual innocence to excuse a procedural default, proof of innocence must be established by new evidence not available at trial.  *Schlup*, 513 U.S. at 327; *see also Ross v. Berghuis* 417 F.3d 552, 556 (6th Cir. 2005); *Jones v. Smith*, Case No. 5:09 CV 16222010, U.S. Dist. LEXIS 124123, at *15 (N.D. Ohio Aug. 27, 2010).  Lucas does not even suggest that there is newly discovered evidence of his innocence.  Furthermore, the state court of appeals reviewed the evidence and concluded that there was sufficient evidence to support Lucas' convictions.  Doc. 8, Exhibit 20, pp. 4-7.  Accordingly, Lucas' claim of actual innocence is without merit and does not excuse his procedural default of grounds two, three, and four.  The four-part test in *Maupin* is therefore satisfied and Lucas' second, third, and fourth grounds for relief should be denied.

## V.  Conclusion and Recommendation

For all of the reasons stated above, the undersigned Magistrate Judge concludes that Lucas is not entitled to relief on any of his four grounds for relief.  Accordingly, the Court should DENY Lucas' petition for writ of habeas corpus and DISMISS this action with prejudice.

Dated: August 20, 2012

_____
Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).